**Brian Berson**
CBN 130249
1000 Brannan St.
#488
San Francisco, CA 94103
415-788-2707

Attorney for: ADONIS TORRES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 20-0480-06 WHA |
| | ) |
| Plaintiff, | ) **ADONIS TORRES'** |
| | ) **SENTENCING MEMORANDUM** |
| | ) |
| vs. | ) Date: March 1, 2022 |
| | ) Time: 2:00 p.m. |
| ADONIS TORRES | ) Courtroom: The Honorable |
| Defendant. | ) Judge Alsup |

Mr. Torres was the child of Honduran farm workers. Despite working on a farm, they struggled to provide food for Mr. Torres and his siblings. PSR paragraphs 53, 54.  His father left the family when Mr. Torres was eight years old. *Id*. Rather than abandoning the family, his father went to the United States to try to make some money to send back to his family so that they could eat more regularly. He was gone for five years, during which he regularly sent money to Mr. Torres' mother for that purpose. *Id*.

1

For most of his childhood, Mr. Torres' family couldn't even afford to buy him shoes, so he went everywhere barefooted, causing constant injuries to his feet. *Id.*

Due partly to the above factors, the presentence report (PSR) recommended that the Court sentence Mr. Torres to 30 months in prison, below his Guidelines range of 41-51 months. PSR Justification section, p.2.

The Justification section has a significant error that counsel overlooked until preparation of this memorandum. On page one of that section, apparently to justify not recommending a lower variance, the PSR states: "Mr. Torres has prior criminal convictions for Transport/Sell Narcotic/Controlled Substance, Solicit Specified Acts, and Illegal Entry." In fact, Mr. Torres only has one prior conviction, for illegal entry, as correctly noted earlier in the PSR, within the prior records section (paragraphs 38-42) that was included in the draft provided to counsel prior to the final PSR provided to the Court. Paragraph 41 notes the illegal entry conviction, which resulted in a 60-day sentence and two criminal history points, as noted correctly in the Criminal History (CH) computation section, paragraph 42.

We submit that CH 2 is overstated for somebody with one prior conviction – a status conviction – that resulted in a 60-day

2

sentence.[1] Had Mr. Torres been in CH 1, perhaps more appropriate for somebody with only one prior 60-day sentence for an illegal entry conviction, his guidelines would have been 37-46 months.

As noted in PSR paragraph 3, the plea agreement contemplated Mr. Torres receiving a two-point offense level adjustment for the "global disposition" that had been contemplated. Unfortunately, one of the codefendants became a fugitive, making it impossible for Mr. Torres to obtain the benefit of this part of the deal he entered. While the government is certainly not to blame for this, neither is Mr. Torres. Had Mr. Torres received the extra two points off his offense level for the global disposition factor in addition to the CH 1 category we suggested would be more appropriate than CH2, his guidelines would have been 30-37 months.

Thus, the 30-month sentence is arguably the low end of the range that Mr. Torres should have been in anyway, but for a rigid CH guidelines factor requiring two points for any 60-day sentence, regardless of the nature of the conviction, and the absconding of a codefendant he had no control over.

But there are additional factors in this case that the Court should consider in rendering a just sentence. For one, Mr. Torres has been in continuous custody since December 10, 2020. PSR para. 4. He has spent the overwhelming majority of his imprisonment

---

[1] This objection was raised in response to the draft PSR.

under harsher conditions of confinement than anybody could have anticipated prior to the pandemic. He has received substantially less recreation and human contact time than he would have received in pre-pandemic days. He has been allowed little to no in-person visitation, not with friends nor even his own lawyer.

   Additionally, Mr. Torres appears to be the least culpable of all of the defendants in this case. Although the PSR disagreed with our position that he should get an adjustment for minor role, paragraph 19 notes that "the government placed (co-defendant) Carrero at a level slightly above Torres due to her familial connections in the organization and her direct contact with one of the suppliers …" The wiretaps in this case rarely captured Mr. Torres in drug related calls compared to the others. PSR paragraphs 11-20 reflect less drugs and less drug dealing by Mr. Torres than his codefendants.

   Earlier this afternoon, Ms. Carrero was sentenced to 19 months imprisonment. We understand the awful human factors involved in Ms. Carrero's case. However, there is little question about the relative culpability between Mr. Torres and Ms. Carrero. He was below her. He had less and did less.

   We know the Court is distressed by the prevalence of the primary drug in this case, fentanyl. It is a destructive drug, responsible for many deaths. But Mr. Torres' motivation in this offense was not mercenary, praying cynically on the addictions of others.

Although Mr. Torres had successfully completed drug treatment (PSR paragraphs 61-62), he'd relapsed prior to his involvement in this case. "He noted cocaine was his primary drug of choice and he became involved in the instant offense in order to support his own drug habit." PSR para. 61.

But there was an additional motivation. As that same PSR paragraph notes, the wire picked up conversations in which Mr. Torres professed his love for Ms. Carrero, a love that was not reciprocated.

## CONCLUSION

Ms. Carrero received a just sentence. Principles of codefendant disparity should lead this Court to sentence Mr. Torres to no more than any of his codefendants receive. Even without that disparity, the Court's concern about the ravages of fentanyl should be balanced with Mr. Torres' motivation to engage in this crime, as well as his own sad history.

Respectfully submitted,

Date: February 22, 2022

_____/s/_____
Brian P Berson
Attorney for Adonis Torres

5